**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 20-cv-2580-WJM-NYW

ALBERT SACK,

    Plaintiff,

v.

COLORADO FARM BUREAU INSURANCE COMPANY,

    Defendant.

---

## ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY DEFENDANT'S EXPERT WITNESS, BRIAN LAMBDEN, M.D., AND TO STRIKE EXPERT REPORT

---

In this insurance action, Plaintiff Albert Sack alleges that Defendant Colorado Farm Bureau Insurance Company unreasonably failed to pay all amounts owed to Plaintiff under an uninsured motorist ("UIM") policy as a result of Plaintiff's June 22, 2017 motor vehicle collision. (ECF No. 4.)

Before the Court is Plaintiff's Motion to Disqualify Defendant's Expert Witness, Brian Lambden, M.D. and to Strike Expert Report ("Motion"). (ECF No. 21.) Defendant responded on April 7, 2021 (ECF No. 32), Plaintiff replied on April 21, 2021 (ECF No. 36), and Plaintiff later filed a supplement to his reply on April 30, 2021 (ECF No. 37).

For the reasons stated below, the Motion is denied.

# I. BACKGROUND[1]

On June 22, 2017, Plaintiff was involved in a motor vehicle collision with an uninsured motorist. (ECF No. 21 at 1.) Plaintiff asserted a claim for injuries and damages under his UIM policy with Defendant. (*Id.*)

On September 25, 2019, Defendant informed Plaintiff that it had insufficient information to evaluate Plaintiff's claim and was setting up an independent medical exam ("IME") of Plaintiff. (ECF No. 21-1.) The parties then scheduled the IME with Brian Lambden, M.D., for January 29, 2020. (ECF No. 21-2 at 2; ECF No. 21-3.)

Dr. Lambden performed an IME and afterwards opined, among other things, that: Plaintiff's 2017 accident "was of significantly less velocity and impact" than Plaintiff's prior motor vehicle accident in 2014; Dr. Lambden's review of the pictures of the 2017 accident suggests that the impact was "low enough that it would have only very minimal effect on his neck pain in the form of a cervical strain" and "would be expected to resolve within three months"; he "suspect[s] [Plaintiff] had pre-existing problems and that his current presentation is related to prior neck pain issues"; and Plaintiff's "arm surgeries were unrelated to this [motor vehicle accident]." (ECF No. 21-5.) Citing Dr. Lambden's conclusions in his IME report, Defendant tendered $2,944 to Plaintiff for his accident-related medical expenses on April 1, 2020. (ECF No. 21-6.)

Plaintiff filed this action against Defendant on June 12, 2020, asserting a claim for determination and payment of UIM benefits, a common law bad faith breach of insurance contract claim, and a statutory unreasonable delay or denial of payment claim

---

[1] The following factual summary is based on the parties' briefs on the Motion and documents submitted in support thereof. These facts are undisputed unless attributed to a party or source. All citations to docketed materials are to the page number in the CM/ECF header, which sometimes differs from a document's internal pagination.

under Colorado Revised Statutes §§ 10-3-1115 and 10-3-1116.  (ECF No. 4.)

On January 14, 2021, Plaintiff asked Kristin Mason, M.D., a physician who has treated Plaintiff since September 2014, to "review her records from her treatment of [Plaintiff] after a 2014 motor vehicle through present as she has treated him after both a 2014 motor vehicle collision and after the 6/22/2017 collision" and to provide her "thoughts" on Dr. Lambden's IME report.  (ECF No. 21-7.)  Dr. Mason responded that because she and Dr. Lambden are business partners in Rehabilitation Associates of Colorado, she "feel[s] to some extent there is a conflict of interest in [her] providing any commentary regarding an IME that Dr. Lambden performed on [Plaintiff]."  (ECF No. 21-8.)

## II. LEGAL STANDARD

Federal courts "have the inherent power to disqualify expert witnesses to protect the integrity of the adversary process, protect privileges that otherwise might be breached, and promote public confidence in the legal system."  *XY, LLC v. Trans Ova Genetics, L.C.*, 2014 WL 12785307, at *2 (D. Colo. Apr. 15, 2014).  Disqualification is warranted where the party seeking it can show: (1) a confidential relationship with the expert and (2) disclosure of confidential information to the expert that is relevant to the instant litigation.  *Id.*  The party seeking to disqualify an expert bears the burden of proof.  *English Feedlot, Inc. v. Norden Labs., Inc.*, 833 F. Supp. 3d 1498, 1502 (D. Colo. 1993).

Courts also consider policy objectives in determining whether expert disqualification is warranted, including an interest in "preventing conflicts of interest and maintaining the integrity of the judicial process."  *Id.*

3

## III. ANALYSIS

Plaintiff asks the Court to disqualify Dr. Lambden from serving as Defendant's expert witness and to strike his expert report. (ECF No. 21 at 1.) Plaintiff acknowledges that the "issue presented is not whether Dr. Lambden and Dr. Mason shared confidential information about this case"; instead, Plaintiff argues that "the issue presented is one of a conflict of interest based on the fact that Dr. Mason and Dr. Lambden are long time business partners and based on that conflict, she has declined to consider the opinions Dr. Lambden offers as Defendant's retained medical expert." (*Id.* at 5.)

According to Plaintiff, "[t]here are an abundance of doctors that Defendant and its counsel could have chosen to perform an IME of Plaintiff," but Defendant "unnecessarily created this conflict of interest" and essentially "'conflicted out' Plaintiff's main treater." (*Id.* at 7.) Moreover, Plaintiff argues that he will suffer severe prejudice if Dr. Lambden is not disqualified as "Plaintiff, through no fault of his own, will have to either retain an independent medical provider to review all of his medical records beginning with the 2014 [motor vehicle crash] to present or retain one of his other treating doctors to review those records and to also consider Dr. Lambden's report." (*Id.* at 8.)

Defendant responds that Plaintiff has failed to establish that Dr. Lambden has a conflict of interest with Dr. Mason as they "do not share patients, nor income, and operate out of separate offices." (ECF No. 32 at 1.) Defendant provides an affidavit from Dr. Lambden, in which he states that "[e]ach patient is a patient of the treating physicians and is not a patient of Rehabilitation Associates of Colorado," that "[t]here is no conflict in affiant undertaking an Independent Medical Examination of Dr. Kirstin

4

Mason's patient," and that "[t]here is no conflict should Doctor Mason disagree with the Independent Medical Examination affiant performed and wishes to testify in that regard." (ECF No. 32-5 at 1–2.)

Ultimately, the Court finds that Plaintiff has failed to establish: (1) there is a genuine conflict of interest between Dr. Lambden and Dr. Mason that is recognized by applicable case law; (2) that Defendant was aware of a hypothetical conflict before retaining Dr. Lambden; or (3) that confidential information was disclosed to Dr. Lambden that is relevant to this action.

Nonetheless, the Court considers whether the disqualification of Dr. Lambden is proper as a matter of equity. The Court notes that Plaintiff did not reach out to Dr. Mason to opine on Dr. Lambden's IME report for nearly a year after the IME. Thus, it is not entirely clear to the Court how Defendant was supposed to know that Plaintiff *intended* to hire Dr. Mason to opine on Dr. Lambden's IME report. Nor has the Court been presented with any evidence demonstrating that Defendant intentionally selected Dr. Lambden to perform the IME in order to "conflict out" Dr. Mason.[1]

However, there was ample information available to both parties that should have put the parties on notice of a connection between Dr. Lambden and Dr. Mason and a potential conflict of interest. In reviewing this Motion, the undersigned performed a cursory Google search for "Brian Lambden"; the first search result confirms Dr. Lambden's affiliation with Rehabilitation Associates of Colorado and the fact that Dr. Mason is a physician with the same organization. Moreover, Dr. Lambden's report clearly states "Rehabilitation Associates of Colorado" at the bottom of each page. (ECF

---

[1] The Court would not look favorably on such gamesmanship.

5

No. 21-5.)  Accordingly, in the Court's view, both parties bear some responsibility for the current predicament by failing to preemptively recognize a potential conflict of interest and failing to resolve the question about whether a conflict of interest existed prior to Dr. Lambden's issuance of the IME report.

Consider the Court's options at this juncture.  On the one hand, the Court could disqualify Dr. Lambden as a matter of equity and strike his IME report.  In that scenario, the Court would be effectively gutting Defendant's case by preventing Defendant from relying on one of the key bases for its decision-making.  After all, in its letter tendering $2,944 to Plaintiff for accident-related medical expenses, Defendant cited extensively to Dr. Lambden's opinions and the IME report.  (*See* ECF No. 21-6.)

On the other hand, the Court could decline to disqualify Dr. Lambden.  Plaintiff would then be forced to hire a different expert to rebut Dr. Lambden's opinions.

After weighing the equities, the Court concludes that the latter option is the preferable path forward.  Plaintiff's Federal Rule of Civil Procedure 26(a)(1) Disclosures identify numerous other medical professionals who treated Plaintiff after his accident. (ECF No. 32-7.)  For example, Plaintiff identified Martin McDermott, M.D., Bradley Schoonveld, MPT, Michelle Fitzpatrick, PT, Jessica McElroy, PT, Amanda Ragone, PTA, Kulvinder Sachar, M.D., Holly Johnson, OTR, Tracy Wolf, M.D., Kyle Morgan, D.O., Brooke Albert, P.A., Cliff Gronseth, M.D., Jennifer Roland, PA-C, Benjamin T. Bjerke, M.D., Lynn Zhang, M.D., and Sanjay Jatana, M.D., as all having information regarding the injuries Plaintiff sustained in the motor vehicle accident, the treatment they provided to Plaintiff, and Plaintiff's response to that treatment.  (ECF No. 32-7.) Because Plaintiff is able to obtain rebuttal testimony from any of these other medical

professionals, the Court cannot conclude that disqualifying Dr. Lambden is necessary or proper.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Disqualify Defendant's Expert Witness, Brian Lambden, M.D. and to Strike Expert Report (ECF No. 21) is DENIED.

Dated this 14th day of July, 2021.

BY THE COURT:

William J. Martinez
United States District Judge