IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 20-cv-2580-WJM-NYW

ALBERT SACK,

    Plaintiff,

v.

COLORADO FARM BUREAU INSURANCE COMPANY,

    Defendant.

---

**ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS AND GRANTING MOTION TO ACCEPT ANSWER AND MOTION TO FILE SURREPLY**

---

This matter is before the Court on: (1) Plaintiff Albert Sack's Motion for Judgment on the Pleadings (ECF No. 15); (2) Defendant Colorado Farm Bureau Insurance Company's Motion to Accept Answer (ECF No. 16.); and (3) Plaintiff's Motion for Leave to File Sur-Reply (ECF No. 33). For the following reasons, the Motion for Judgment on the Pleadings is denied, the Motion for Leave to File Sur-Reply is granted, and the Motion to Accept Answer is granted.

## I. BACKGROUND

This action arises out of a June 22, 2017 motor vehicle collision involving Plaintiff and another motorist. (ECF No. 4.) Specifically, Plaintiff asserts that he is entitled to uninsured motorist benefits because the other driver involved in the collision lacked adequate insurance coverage to compensate Plaintiff for his damages. (*Id.* ¶¶ 80–95.)

Plaintiff initiated this action on June 12, 2020 in Colorado state court. (ECF No. 4.) Defendant removed the action to federal court on August 26, 2020. (ECF No. 1.)

Plaintiff brings a total of three claims: (1) determination and payment of uninsured motorist benefits; (2) bad faith breach of insurance contract, and (3) violation of Colorado Revised Statutes §§ 10-3-1115 and 10-3-1116.  (ECF No. 4 ¶¶ 18–35.)

Plaintiff filed his Motion for Judgment on the Pleadings on March 4, 2021, based on Defendant's failure to file an answer to the Complaint.  (ECF No. 15.)  On the same day, Defendant filed its Motion to Accept Answer, and a proposed Answer to the Complaint.  (ECF Nos. 16 & 17.)  The two Motions are fully briefed.  (ECF Nos. 26, 27, 30 & 34.)

On April 7, 2021, Plaintiff filed a Motion for Leave to File Sur-Reply, seeking leave to file a sur-reply to Defendant's reply in support of its Motion to Accept Answer.  (ECF No. 33.)  Plaintiff also filed a proposed sur-reply on April 14, 2021.  (ECF No. 35.)

## II. LEGAL STANDARD

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is evaluated under the same standard applicable to a Rule 12(b)(6) motion to dismiss. *See Corder v. Lewis Palmer Sch. Dist. No. 38*, 566 F.3d 1219, 1223–24 (10th Cir. 2009).  Therefore, in ruling on a motion for judgment on the pleadings, courts look to the specific allegations of the complaint to determine whether they plausibly support a legal claim for relief—that is, a complaint must include "enough facts to state a claim for relief that is plausible on its face." *TON Servs., Inc. v. Qwest Corp.*, 493 F.3d 1225, 1236 (10th Cir. 2007); *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007).  The Court accepts as true the well-pleaded factual allegations of the non-moving party and draws all reasonable inferences in its favor.  *See Nelson v. State Farm Mut. Auto. Ins. Co.*, 419 F.3d 1117, 1119 (10th Cir. 2005).

### III. ANALYSIS

Plaintiff seeks judgment on the pleadings because Defendant failed to file a responsive pleading to Plaintiff's Complaint. (ECF No. 15.) Plaintiff contends that Defendant's failure to respond deems all allegations in the Complaint admitted and that he is therefore entitled to judgment on all claims. (*Id.* at 2.) In an attempt to cure this deficiency, Defendant filed its Motion to Accept Answer, asking that the Court accept its proposed untimely Answer and conclude that Defendant has not admitted Plaintiff's allegations. (ECF No. 16.)

Where a party has not answered a complaint prior to removal of an action to federal court, it must file a responsive pleading within seven days of the removal notice being filed. Fed. R. Civ. P. 81(c)(2)(C). Pursuant to Federal Rule of Civil Procedure 6(b)(1)(B), however, a court may in its discretion accept a late filing if a party failed to file due to excusable neglect. Such circumstances may arise in the case of "inadvertence, mistake, or carelessness." *Pioneer Inv. Servs. Co. v. Brunswick Assocs., Ltd. P'ship*, 507 U.S. 380, 388 (1992). A court considers "the danger of prejudice to [the nonmoving party], the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *City of Chanute v. Williams Natural Gas Co.*, 21 F.3d 1041, 1046 (10th Cir. 1994).

In its Motion to Accept Answer, Defendant argues under the standards for vacating default judgment, and only notes the Rule 6 standard of excusable neglect in its Reply. (ECF Nos. 16 & 30.) Plaintiff argues in his Motion for Leave to File Sur-Reply and proposed Sur-Reply that Defendant may not raise the argument of excusable

3

neglect for the first time in its Reply.  (ECF No. 33; ECF No. 35.)  The Court will remedy this situation by granting Plaintiff's Motion for Leave to File Sur-Reply.   The Sur-Reply is accepted as filed, and the Court will consider all of the arguments developed in all of the relevant briefing in reaching its determination.  As a consequence, Plaintiff will suffer no prejudice as a result of Defendant not articulating its Rule 6 argument until its Reply Brief.

Despite Defendant's original oversight as to the correct legal standard in its Motion to Accept Answer, its reasons provided in its Reply are materially the same, namely, that its failure to file an answer was truly inadvertent, that Defendant believed it had filed an answer, that such belief independently corroborated by its reference to its Answer in other filings (ECF No. 12 at 2; ECF No. 14 at 2), and that accepting the Answer would result in minimal prejudice to Plaintiff.  (ECF No. 16 at 2–4; ECF No. 30 at 1–4.)  Moreover, the Court notes that this litigation has proceeded to the filing of a final pretrial order, and a review of the pleadings to date shows genuine contention between parties' positions, including those raised in Defendant's tardily-filed Answer.  On this record, the Court concludes that the interests of justice require it to not exalt form over substance, and to proceed to a resolution of this action on the merits, rather than on non-prejudicial procedural deficiencies.  (ECF No. 60.)

In light of these considerations, the Court will grant the Motion and accept the Answer as filed.  For the same reason, the Motion for Judgment on the Pleadings is denied.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

4

1. Plaintiff's Motion for Judgment on the Pleadings (ECF No. 15) is DENIED;

2. Defendant's Motion to Accept Answer (ECF No. 16) is GRANTED;

3. Defendant's Answer (ECF No. 17) is ACCEPTED AS FILED;

4. Plaintiff's Motion for Leave to File Sur-Reply (ECF No. 33) is GRANTED; and

5. Plaintiff's Sur-Reply (ECF No. 35) is ACCEPTED AS FILED.

Dated this 27th day of October, 2021.

BY THE COURT:

_____
William J. Martinez
United States District Judge