**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 20-cv-2580-WJM-NYW

ALBERT SACK,

     Plaintiff,

v.

COLORADO FARM BUREAU INSURANCE COMPANY,

     Defendant.

---

**ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT**

---

This matter is before the Court on Defendant Colorado Farm Bureau Insurance Company's Motion for Partial Summary Judgment ("Motion").  (ECF No. 42.)  For the following reasons, the Motion is granted.

**I. STANDARD OF REVIEW**

Summary judgment is warranted under Federal Rule of Civil Procedure 56 "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986).  A fact is "material" if, under the relevant substantive law, it is essential to proper disposition of the claim.  *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001).  An issue is "genuine" if the evidence is such that it might lead a reasonable trier of fact to return a verdict for the nonmoving party.  *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997).

In analyzing a motion for summary judgment, a court must view the evidence and

all reasonable inferences therefrom in the light most favorable to the nonmoving party.

*Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).  In addition, the Court must resolve factual ambiguities against the moving party, thus favoring the right to a trial.  *See Houston v. Nat'l Gen. Ins. Co.*, 817 F.2d 83, 85 (10th Cir. 1987).

## II. BACKGROUND[1]

This action arises out of a June 22, 2017 motor vehicle collision involving Plaintiff and another motorist.  (ECF No. 4.)  Specifically, Plaintiff asserts that he is entitled to underinsured motorist ("UIM") benefits because the other driver involved in the collision was uninsured and could not compensate Plaintiff for his damages, which he claims amount to his policy limit of $300,000 and represent medical expenses and lost income. (*Id.* ¶¶ 80–95.)

Defendant obtained two reports from independent medical examiners ("IME") who both found that Plaintiff had no injuries stemming from the accident, and that any pain in his neck would likely resolve in three months.  Further, Defendant obtained a biomechanical report of the collision from engineer Quinn Campbell, Ph. D., who concluded that the other vehicle in the collision was traveling at five to seven miles per hour at the time of the accident.  Dr. Campbell opined that Plaintiff would not have received a carpal tunnel injury from the collision and that most people involved in similar accidents suffer no injury or only short-term whiplash.

---

[1] The following factual summary is based on the parties' Motions and documents submitted in support thereof.  These facts are undisputed unless attributed to a party or source.  All citations to docketed materials are to the page number in the CM/ECF header, which sometimes differs from a document's internal pagination.  The Court does not cite the briefs for undisputed facts.

On April 1, 2020, based on these reports, Defendant concluded that it need only cover Plaintiff's medical bills for the three months following the collision, and that any of Plaintiff's other medical issues should have resolved by then.  Defendant therefore tendered $2,944 and alternatively offered $25,000 for a full and final settlement. Plaintiff rejected the settlement offer on May 5, 2020, but accepted the $2,944 payment, which Defendant remitted that day.

Plaintiff initiated this action on June 12, 2020 in Colorado state court.  (ECF No. 4.)  Defendant removed the action to federal court on August 26, 2020.  (ECF No. 1.) Plaintiff brings a total of three claims: (1) determination and payment of uninsured motorist benefits; (2) bad faith breach of insurance contract, and (3) violation of Colorado Revised Statutes §§ 10-3-1115 and 10-3-1116.  (ECF No. 4 ¶¶ 18–35.)

Defendant filed its Motion for Partial Summary Judgment on June 11, 2021. (ECF No. 42.)  Plaintiff responded on July 1, 2021 and Defendant replied on July 15, 2021.  (ECF Nos. 43 & 45.)

### III. ANALYSIS

Defendant seeks summary judgment as to Plaintiff's second and third claims for common law bad faith breach of insurance contract and unreasonable denial or delay of insurance payment in violation of Colorado Revised Statutes §§ 10-3-1115 and 10-3-1116.  (ECF No. 42 at 10–16.)  Defendant primarily argues that Plaintiff has not shown that it acted unreasonably in refusing to pay certain portions of Plaintiff's claim as required to establish both claims.  (*Id.* at 10–16.)

## A.    Bad Faith Claim

Defendant argues that Plaintiff cannot prevail on his claim for common law bad faith breach of insurance contract because he cannot prove that Defendant acted unreasonably by refusing to pay certain of Plaintiff's claimed expenses, nor that Defendant knowingly or recklessly disregarded the validity of the claim.  (ECF No. 42 at 10–14.)

To prevail on a claim for bad faith in this context, a plaintiff must prove that: "(1) the insurer acted unreasonably under the circumstances, and (2) the insurer either knowingly or recklessly disregarded the validity of the insured's claim." Reasonableness is typically a question of fact, though it may be resolved as a matter of law where no issues of material fact exist.  *See Williams v. Owners Ins. Co.*, 621 F. App'x 914, 919 (10th Cir. 2015).  "Under Colorado law, it is reasonable for an insurer to challenge claims that are 'fairly debatable.'"  *Id.* (quoting *Zolman v. Pinnacol Assurance*, 261 P.3d 490, 496 (Colo. App. 2011)).  Bad faith claims are "evaluated objectively, based on industry standards."  *Id.*

Defendant asserts that it relied on the evaluations of two separate IMEs and a bio-mechanical accident reconstruction report.  (ECF No. 42 at 11–12; *see also* ECF Nos. 42-2, 42-3 & 42-4.)  The IMEs opined that the collision was not severe, and any medical procedures—such as the surgeries and treatments Plaintiff requested—would be unrelated to the accident.  (ECF No. 42-2 at 25–26; ECF No. 42-3 at 5–6.) Additionally, the bio-mechanical reconstruction report found that the vehicle that collided with Plaintiff's vehicle was traveling at a speed of only five to seven miles per hour and states that most people in similar collisions sustain no injuries or short duration

whiplash.  (ECF No. 42-4 at 10–11.)  The report further opined that the collision would not cause carpal tunnel injury requiring the surgery Plaintiff requested.  (*Id.* at 11.)

Plaintiff argues that a jury should evaluate whether Defendant's reliance on these sources was reasonable, and further points to evidence that his medical complaints—such as carpal tunnel and neck discomfort—may stem from the collision, based on two other physician reports.[2]  (ECF No. 43 at 15–17.)  He argues that a jury must determine whether it was reasonable for Defendant to retain the IMEs to evaluate Plaintiff's condition, and to inspect the damage to Plaintiff's vehicle through photographs rather than physically examining it.  (*Id.* at 13–17.)

Defendant relied on various sources supporting its determination that Plaintiff was not entitled to additional benefits.  (*See* ECF Nos. 42-2, 42-3 & 42-4.)  Further, as to the purportedly conflicting medical evidence, the first report discussed Plaintiff's symptoms but did not offer any opinion as to causation of his injuries, and the second opinion was only provided to Defendant as a rebuttal opinion as part of this lawsuit. (ECF Nos. 43-2 & 43-3.)  Plaintiff does not offer support or otherwise explain how Defendant's failure to consider these opinions—one of which was not even provided to Defendant at the time of its decision—constitutes unreasonable conduct rising to the level of bad faith.

While questions of fact may exist as to the extent of Plaintiff's purported injuries and whether he is ultimately entitled to coverage, Claim Two concerns only Defendant's bad faith in refusing to cover certain sought damages, and Defendant does not at this time seek judgment as to Plaintiff's first claim for breach of insurance contract.  (*See*

---

[2] Specifically, Plaintiff points to a medical report issued prior to the IME reports, and another report only provided to Defendant in April 2021.  (ECF No. 43 at 15–17.)

*generally* ECF No. 42.)  Notably, in responding to the motion, Plaintiff does not rely on any evidence made available to Defendant at the time of its decision indicating that Defendant had notice that it should have covered certain damages and as a result rendering its conduct unreasonable.  Rather, as stated, the one medical report actually provided to Defendant by the time of its decision did not opine as to the cause of Plaintiff's medical complaints such that Defendant could reasonably conclude that the purported injuries were tied to the accident.  Moreover, "the reasonableness of an insurance company's decision to deny benefits is to be evaluated based on the information before the insurer at the time it made its decision," and therefore the other report of which Defendant has no knowledge is inapposite to the bad faith analysis. *Shultz v. GEICO Cas. Co.*, 429 P.3d 844, 848 (Colo. 2018).

Given the *de minimis* evidence that Defendant's evaluation of Plaintiff's claim was unreasonable, the Court finds that Plaintiff has failed to create a *genuine* issue of material fact as to this issue.  *See Anderson*, 477 U.S. at 249 (stating that a factual dispute is genuine if evidence is so contradictory that a reasonable jury could find for either party); *see also Matsushita Elec. Indus. Co., Ltd.*, 475 U.S. at 587 ("Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no '*genuine* issue for trial.'" (emphasis added)).  Accordingly, Defendant is entitled to summary judgment on the bad faith claim, and the Motion is granted with respect to Claim Two.

**B.     Breach of Colorado State Law**

Colorado Revised Statute § 10-3-1115 prohibits an insurance company's

unreasonable denial or delay in payment of a partially disputed insurance claim.[3]

Further, an insurer must "make partial payments on undisputed portions of UIM claims

when other portions of the claim remain disputed." *Fisher v. State Farm Mut. Auto. Ins.*

*Co.*, 419 P.3d 985, 991 (Colo. Ct. App. 2015).  Moreover, "[a]n insured should not be

allowed to automatically accuse an insurer of bad faith in every situation in which the

insurer disagrees with the insured about the value of a claim." *Canady v. Nationwide*

*Affinity Ins. Co. of Am.*, 2020 WL 376494, at *4 (D. Colo. Jan. 23, 2020) (granting

judgment on the pleadings to defendant insurance company on § 10-3-1115 claim

where plaintiff had not established or alleged unreasonable delay).

Defendant argues that it did not unreasonably delay payment of Plaintiff's claim

because it did already pay out the undisputed portions of Plaintiff's claim and has no

obligation to pay the disputed portions.  (ECF No. 42 at 12–14.)  In support of Claim

Three, Plaintiff states only that he incorporates his arguments as to his bad faith claim.

(ECF No. 43 at 17–18.)

As discussed above, however, Plaintiff has not created a genuine issue of

material fact as to the reasonableness of Defendant's decision.  *See Williams*, 621 F.

App'x at 919 (stating that a court may decide reasonableness as a matter of law where

no genuine issues of fact exist); *see also Canady*, 2020 WL 376494, at *4.  Accordingly,

the Court finds that Plaintiff has presented no evidence that Defendant's denial of

---

[3] Section 10-3-1116 provides for penalties and fees for violation of § 10-3-1115.

certain requested benefits was unreasonable in violation of §§ 10-3-1115 and 10-3-1116, and therefore grants Defendant's Motion with respect to Claim Three.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1.      Defendant's Motion for Partial Summary Judgment (ECF No. 42) is GRANTED; and

2.      At such time as the Clerk enters final judgment on all claims in this action, the Clerk shall enter judgment in favor of Defendant Colorado Farm Bureau Insurance Company and against Plaintiff Sack on Claims Two and Three in conformity with this Order.

Dated this 27th day of October, 2021.

BY THE COURT:

_____

William J. Martinez
United States District Judge