IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-02580-WJM-NYW

ALBERT SACK,

    Plaintiff,

v.

COLORADO FARM BUREAU INSURANCE COMPANY,

    Defendant.

## ORDER

Magistrate Judge Nina Y. Wang

This matter comes before the court on Plaintiff Albert Sack's ("Plaintiff" or "Mr. Sack") Motion for Sanctions and to Continue Final Pretrial Conference ("Motion for Sanctions" or "Motion") [Doc. 47, filed August 9, 2021]. This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), Order Referring Case dated September 4, 2020 [Doc. 8], and Memorandum dated August 13, 2021 [Doc. 48]. The court took argument as to this Motion during the Final Pretrial Conference held on October 12, 2021. [Doc. 59]. Upon review of the Motion, the Response to the Motion for Sanctions [Doc. 53]; the Reply [Doc. 54]; Plaintiff's Supplemental Exhibits in Support of Motion for Sanctions [Doc. 58]; and Defendant's Supplement to Defendant's Response to Plaintiff's Motion for Sanctions [ECF 53] [Doc. 62], as well as the arguments made by counsel during the Final Pretrial Conference [Doc. 59], this court respectfully **DENIES** the Motion for Sanctions.

## BACKGROUND

The factual background of this case has been discussed in other orders, [Doc. 67; Doc. 68], and thus, will be discussed as it pertains to this instant Motion for Sanctions.[1]  This action arises from a rear-end automobile collision that occurred on June 22, 2017 ('Collision"). [Doc. 4 at ¶ 6]. At the time of the Collision, the at-fault driver, Deal Rayne ("Mr. Rayne") was uninsured and Plaintiff was insured by Defendant Colorado Farm Bureau Insurance Company ("Defendant" or "Colorado Farm Bureau") under Policy Number AU455556-1 ("Policy").  [*Id.* at ¶ 9].  Plaintiff filed a claim for Uninsured and Uninsured Motorist Coverage ("UIM") benefits.  [Doc. 4 at ¶ 12]. While Colorado Farm Bureau paid the full amount of Medpay benefits, and tendered an additional $2,944 for "accident related medical expenses," [*id.* at ¶¶ 15–16 (quotations omitted)], Mr. Sack alleges that Defendant failed to pay the total amount of UIM benefits owed for the injuries he suffered as a result of the Collision.  [*Id.* at ¶ 20].

As a result, Mr. Sack initiated this action in the District Court for Boulder County, State of Colorado on June 12, 2020.  [Doc. 4].  Defendant removed the case to the United States District Court for the District of Colorado on August 26, 2020, invoking the court's diversity jurisdiction. [Doc. 1].  On October 1, 2020, this court entered a Scheduling Order.  [Doc. 13; Doc. 14]. The Scheduling Order contemplated a discovery deadline of May 12, 2021 and a dispositive motion deadline of June 11, 2021.  [Doc. 14 at 5].  In addition, the court set a deadline for disclosure or affirmative experts for March 12, 2021 and for rebuttal experts for April 12, 2021.  [*Id.* at 6].

On March 17, 2021, Plaintiff moved for an extension of time to disclose expert witnesses. [Doc. 22].  This court convened a Status Conference on March 22, 2021, and granted in part and

---

[1] This court notes that Mr. Sack has raised substantially similar arguments in his Motion to Alter Judgment [Doc. 69, filed November 23, 2021] that is currently pending before the presiding judge, the Honorable William J. Martinez, which has not been referred to this court for Recommendation.

2

denied in part Plaintiff's motion – extending the deadline for disclosure of affirmative and rebuttal experts to April 30 and June 1, 2021, respectively. [Doc. 31 at 1]. The deadline for the close of expert discovery was set for June 11, 2021. [*Id.*]. The court explicitly ordered that the deadlines for fact discovery of May 12, 2021 and dispositive motions for June 11, 2021 remained set. [*Id.*]. On May 25, 2021, Defendant moved for an extension of time to file a rebuttal report from Dr. Brian Lambden due to Dr. Lambden's travel abroad. [Doc. 38]. The court extended the deadline for Defendant to file any rebuttal expert report from Dr. Lambden to June 25, 2021. [Doc. 40]. In that Minute Order, this court expressly noted that all other deadlines remained set. [*Id.*].

On August 9, 2021, Plaintiff filed this instant Motion for Sanctions.[2] The Motion for Sanctions identifies three main issues: (1) Mr. Sack argues that Defendant's privilege log that does not identify each privileged document individually, but rather uses one entry to identify "various" privileged documents; (2) Defendant has redacted in "white," making it difficult for Plaintiff to understand the scope of the redaction; (3) Defendant improperly redacted information under a non-existent "adjuster mental impressions/assessment" privilege; and (4) on the eve of the Final Pretrial Order, defense counsel produced a supplemental disclosure that included unredacted copies of three Liability CCR Reports that had been previously produced in redacted form and an additional Liability CCR Report that had not been disclosed. [Doc. 47]. Plaintiff contends that the unredacted documents reveal an Evaluation by Defendant's claim adjuster, Scott McCormac, on September 25, 2019 that reflects concessions about the scope of the loss at the same time Mr. McCormac communicated to Plaintiff's counsel that Colorado Farm Bureau did not have sufficient information to complete a proper evaluation. [*Id.* at 4]. Plaintiff therefore sought leave to take the

---

[2] Plaintiff also sought to continue the Final Pretrial Conference, which the court granted and re-set to October 12, 2021. [Doc. 49].

deposition of Mr. McCormac; to designate a bad faith expert; and to file a sur-reply to Defendant's Motion for Partial Summary Judgment.  [*Id.* at 8].

In Response, Defendant first argues that the Motion should be denied because Plaintiff failed to comply with this court's Practice Standards associated with discovery disputes.  [Doc. 53 at 2–4].  It further contends that, in any case, its privilege log was sufficient pursuant to the Federal Rules of Civil Procedure and there exists a recognized "adjuster mental impressions/assessments" privilege.  [*Id.* at 5–6].  Defendant then characterizes the instant Motion for Sanctions as a *de facto* motion to modify the Scheduling Order.  [Doc. 53 at 3].  To that end, Defendant argues that Plaintiff's identification of the issues related to the disclosures were first raised on June 21, 2021 – after discovery had already closed – is untimely and lacks good cause.  [*Id.* at 7, 12].  Finally, Defendant maintains that there is no prejudice in this case, as it supplemented its Disclosures when it was requested to do so, [*id.* at 10–11], and any additional information did not change the landscape of the claims or defenses, [*id.* at 10–12].

On Reply, Plaintiff argues that he properly filed the instant Motion after conferral with Defendant.³  Plaintiff further argues that Defendant did not have a good faith basis for redacting Mr. McCormac's evaluation, but rather "was intentionally 'hiding' that evaluation which is relevant to and could support Plaintiff's claims for bad faith."  [Doc. 54 at 4].  Finally, Mr. Sack contends that good cause warrants the modification of the Scheduling Order in this matter to permit the relief that he seeks.  [*Id.* at 6].

---

³ The Parties ultimately contacted the chambers of the undersigned Magistrate Judge and submitted a Joint Status Report outlining discovery issues that are substantially similar to the ones reflected in the Motion for Sanctions that was discussed during the Final Pretrial Conference. [Doc. 59].

In his Supplemental Exhibits in Support of Motion for Sanctions [Doc. 58], Mr. Sack identifies another Liability CCR Report containing information including the "consideration of making a $5,000 payment to Plaintiff at that time." [Doc. 58 at 1; Doc. 58-2].

## LEGAL STANDARDS

**I.     Federal Rules of Civil Procedure Applicable to Production**

***Rule 26(a)(1).***  Rule 26(a)(1) directs parties to disclose certain information without awaiting a formal discovery request, including, inter alia, "a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Fed. R. Civ. P. 26(a)(1)(A)(iii). "Rule 26(a)(1) disclosures are designed to accelerate the exchange of basic information and help focus the discovery that is needed, and facilitate preparation for trial or settlement.  To that end, initial disclosures should provide an opposing party with information essential to the proper litigation of all relevant facts, to eliminate surprise, and to promote settlement." *Poitra v. Sch. Dist. No. 1 in the Cty. of Denver*, 311 F.R.D. 659, 663 (D. Colo. 2015) (internal quotation marks, citations, and brackets omitted).

***Rule 34.***  Rule 34(a) allows a party to seek production of documents and things from another so long as they are within the scope of discovery as defined by Rule 26(b). Fed. R. Civ. P. 34(a).  Responses are ordinarily due within 30 days of service of the request for production and,

> [f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons. The responding party may state that it will produce copies of documents or of electronically stored information instead of permitting inspection. The production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response.

Fed. R. Civ. P. 34(b)(2)(B).

***Rule 26(b)(5).***  Rule 26(b)(5) requires a party who is withholding information that is otherwise discoverable on the basis of privilege or the work product doctrine to expressly make the claim and to describe the nature of the documents, communications, or tangible things not produced or disclosed in a manner that will enable other parties to assess the invocation of the privilege.  Fed. R. Civ. P. 26(b)(5).  Because the Parties invoke diversity jurisdiction, this court applies Colorado law as to privileges.  Fed. R. Evid. 501; *Trammel v. United States*, 445 U.S. 40, 47 n.8 (1980).

## II.     Rule 37 of the Federal Rules of Civil Procedure

Rule 37(a) provides that a party may move for an order compelling disclosure or discovery where a party has not disclosed any information, or has disclosed evasive or incomplete answer to discovery.  Fed. R. Civ. P. 37(a).  A motion to compel may include a party's failure to produce documents requested pursuant to Rule 34.  *See* Fed. R. Civ. P 37(a)(3)(B)(iv).  "The party moving to compel discovery must prove that the opposing party's answers are incomplete[,]" and the "party objecting to discovery must establish that the requested discovery does not fall under the scope of relevance as defined in Rule 26(b)(1)."  *Tara Woods Ltd. P'ship v. Fannie Mae*, 265 F.R.D 561, 566 (D. Colo. 2010).  In addition, Rule 37(c)(1) provides that:

> [a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) [which govern initial disclosures and required supplements thereof] shall not, unless such failure is harmless, be permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

*Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (changes in original) (citing Fed. R. Civ. P. 37(c)(1)).

6

Ultimately, "[t]he administration of the rule[] lies necessarily within the province of the trial court with power to fashion such orders [as] may be deemed proper to vouchsafe full discovery for the just, speedy and inexpensive determination of the lawsuit." *Robison v. Transamerica Ins. Co.*, 368 F.2d 37, 39 (10th Cir. 1966).

### III.  Conferral Obligations

Rule 37(a)(1) of the Federal Rules of Civil Procedure require the movant to confer or attempt to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action. Fed. R. Civ. P. 37(a)(1). In addition, the Local Rules of this District require parties to meet and confer prior to the filing of any motion, except those motions filed in a case of an unrepresented prisoner, motions to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure, motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, and motions to withdraw by counsel pursuant to D.C.COLO.LattyR 5(b). D.C.COLO.LcivR 7.1(a). The Rule specifically directs the attorney for the moving party to "confer or make reasonable good faith efforts to confer with any opposing counsel or unrepresented party to resolve any disputed matter." *Id.* The purpose is to allow the Parties to actually discuss, in a meaningful manner, whether compliance, or a compromise, may be reached without court intervention. In addition, "one of the many reasons why Rule 7.1A is in place is to encourage and maintain civility between and among counsel." *See Visor v. Sprint/United Mgm't Co.*, Case No. Civ.A. 97-K-1730, 1997 WL 796989, *2 (D. Colo. Dec. 31, 1997). A violation of Local Rule 7.1(a) is an independent basis for denial of a motion. *See Predator Int'l, Inc. v. Gamo Outdoor USA, Inc.*, Case No. 09-cv-00970-PAB-KMT, 2014 WL 4056578, *2 (D. Colo. Aug. 14, 2014) (J. Brimmer). Finally, the undersigned Magistrate Judge also requires Parties to meet and

7

confer to discuss the specific dispute at issue and the requested relief prior to the filing of a discovery motion. NYW Civ. Practice Standard 7.1(a).

## ANALYSIS

### I. Conferral Obligations

As an initial matter, this court considers Defendant's argument that the court should dismiss the instant Motion for Sanctions based on a lack of conferral by Plaintiff's counsel. [Doc. 53 at 6–7]. While Rule 37, the Local Rules of Civil Procedure, and this Magistrate Judge's Civil Practice Standards all require "the parties [to] hold a conference, possibly through the exchange of correspondence but preferably through person-to-person telephone calls or face-to-face meetings, and must compare views and attempt to reach an agreement, including by compromise if appropriate," *see Hoezel v. First Select Corp.*, 214 F.R.D. 634, 636 (D. Colo. 2003), here, there is no dispute that Defendant's additional disclosures arose in the context of preparing for the Final Pretrial Conference after being first raised by Plaintiff's counsel on or about June 21, 2021. *Compare* [Doc. 47 at 2] *with* [Doc. 53 at 3]. In addition, the Parties submitted a Joint Status Report with respect to substantially similar issues as those raised in the Motion for Sanctions. *See* [Doc. 73-1 (Exhibit 1 – Joint Status Report)]. Finally, the court notes it typically does not rule on issues of the propriety of the invocation of privilege absent formal briefing. Therefore, for all these reasons, this court declines to deny the Motion for Sanctions on the basis of a failure to meet and confer alone.

### II. Privilege Log and Redactions

Next, the court considers Plaintiff's arguments that Defendant's privilege log was insufficient; Defendant's redactions were improper because they were in "white"; and Defendant improperly redacted the adjuster's evaluation of Mr. Sack's claim based on a non-existent

8

privilege. This court notes that the sufficiency of the privilege log was first raised on June 21, 2021 – over a month beyond the close of discovery on May 12, 2021 and many months after the inclusion of the privilege log and production of the associated documents on September 25, 2020. [Doc. 14 at 5; Doc. 31; Doc. 53 at 4; Doc. 47-3]. There is no explanation on the part of Plaintiff as to why he did not identify or raise the issue of the sufficiency of the privilege log or the redaction of the documents prior to the discovery deadline. [Doc. 54; Doc. 58; Doc. 73-1 (Joint Status Report)].

Although this instant Motion is characterized as one for sanctions, this court draws from the legal authority for Rule 37 and motions to compel. The Federal Rules of Civil Procedure do not provide a strict deadline for considering whether a motion to compel (or in this case, a motion for sanctions) is timely, but "courts look to the following factors when assessing timeliness: (1) the length of time since the discovery deadline expired; (2) the length of time that the moving party has known about the discovery; (3) whether the discovery deadline has been extended; (4) the explanation for the tardiness or delay in filing the motion to compel; (5) whether dispositive motions have been scheduled or filed; (6) the age of the case; (7) any prejudice to the party from whom the discovery is being sought; and (8) any disruption of the court's schedule." *Betts v. Work Zone Traffic Control, Inc.*, No. 16-CV-01890-CMA-MJW, 2017 WL 3424996, at *1 (D. Colo. Aug. 9, 2017). Here, the privilege log and associated documents were produced on or around September 25, 2020. [Doc. 47-3]. In the Liability CCR Reports dated June 6, 2019 and August 21, 2019, it appears that Defendant inserted "Adjuster Mental Impressions/Assessments" under the headings "Liability" and "Evaluation." [Doc. 47-2 at 2–3, 6–7]. Similarly, in the Liability CCR Report dated September 25, 2019, the same language appears under "Liability" and "Evaluation." [*Id.* at 10, 13]. This same language is clearly invoked in the privilege log as the

9

basis for redaction. [Doc. 47-3 at 3]. Defendant also identified both *Sunahara v. State Farm Mut. Auto. Ins. Co.*, 280 P.3d 649 (2012) and *In Re Silva v. Basin Western Inc.*, 47 P.3d 1184, 1992 (Colo. 2002) as justifications for the invocation of "privilege." [Doc. 53 at 5–6].

Based on this record, this is not a case in which the Parties have been engaged in a protracted negotiation as to the propriety of the privilege log and redactions that culminated after the close of discovery. Rather, this is an instance where, for unidentified reasons, Plaintiff waited until after the close of discovery – a deadline that this court repeatedly informed the Parties was not being extended, *see* [Doc. 31; Doc. 40] – to address perceived discovery deficiencies with opposing counsel or raise them to the court. In addition, the Motion for Sanctions was filed almost two months after the filing of Defendant's Motion for Partial Summary Judgment. *Compare* [Doc. 42] *with* [Doc. 47]. Thus, this court concludes that any arguments with respect to the adequacy of the privilege log and the appropriateness of Defendant's redactions are untimely and declines to address substantively any issues with respect to the adequacy of the privilege log and the nature of the redactions.[4] To hold otherwise would suggest that the Scheduling Order could simply be ignored without regard to any consequence. *See e.g. Sebastian v. Greenlink Int'l Inc.,* No. 20-cv-01788-RM-NRN, 2021 WL 5867121, at *3 (D. Colo. Dec. 10, 2021) (collecting cases for the proposition that a "Scheduling Order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." (quotations and citations omitted)).

### III. October 11, 2021 Production

The court next turns to Defendant's production of another Liability CCR Report dated either February 11, 2019 or October 1, 2018, on October 11, 2021. [Doc. 58; Doc. 58-2]. This

---

[4] This court's determination should not be construed as an endorsement of the form or adequacy of Defendant's privilege log or a substantive determination as to the existence of an "adjuster mental impression/assessment" privilege.

10

Liability CCR Report does not appear to be redacted.  [Doc. 58-2].  Plaintiff points to the report containing information including the "consideration of making a $5,000 payment to Plaintiff at that time."  [Doc. 58 at 1].  Standing alone, this court finds that there is insufficient information to conclude that such late production was intentional or in bad faith, or that the information contained in this particular Liability CCR Report warrants leave for Plaintiff to re-open discovery, designate a bad faith expert, or take the deposition of the adjuster, Scott McCormac, who has been identified as an individual with knowledge pertinent to the claim file for Defendant since September 25, 2020.  [Doc. 47-3].

## CONCLUSION

For the reasons set forth herein, **IT IS ORDERED** that:

(1)   Plaintiff's Motion for Sanctions [Doc. 47] is **DENIED**; and

(2)   Discovery **REMAINS CLOSED**.


DATED:  January 14, 2022                                    BY THE COURT:

                                                                                   _____
                                                                                   Nina Y. Wang
                                                                                   United States Magistrate Judge

11