IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 20-cv-2580-WJM-NYW

ALBERT SACK,

Plaintiff,

v.

COLORADO FARM BUREAU INSURANCE COMPANY,

Defendant.
_____

**ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT**
_____

This matter is before the Court on Plaintiff Albert Sack's Motion to Alter or Amend Judgment ("Motion"), filed on November 23, 2021.  (ECF No. 69.)  Defendant Colorado Farm Bureau Insurance Company responded on December 14, 2021 (ECF No. 71), and Plaintiff replied on December 28, 2021 (ECF No. 72).

For the reasons set forth below, the Motion is denied.

### I. BACKGROUND

In this insurance action, Plaintiff alleges that Defendant unreasonably failed to pay all amounts owed to Plaintiff under an uninsured motorist ("UIM") policy as a result of Plaintiff's June 22, 2017 motor vehicle collision.  (ECF No. 4.)  Specifically, Plaintiff asserts that he is entitled to UIM benefits because the other driver involved in the collision was uninsured and could not compensate Plaintiff for his damages, which he claims amount to his policy limit of $300,000 and represent medical expenses and lost income.  (*Id.* ¶¶ 80–95.)

On June 11, 2021, Defendant filed a Motion for Partial Summary Judgment, arguing that it was entitled to summary judgment on Plaintiff's second and third claims for common law bad faith breach of insurance contract and unreasonable denial or delay of insurance payment in violation of Colorado Revised Statutes §§ 10-3-1115 and 10-3-1116 because Plaintiff failed to present evidence demonstrating that it acted unreasonably in refusing to pay certain portions of Plaintiff's claim.  (ECF No. 42 at 10–16.)

The Court granted Defendant's Motion for Partial Summary Judgment on October 27, 2021 ("Prior Order").  (ECF No. 68.)  In determining that Plaintiff had failed to create a genuine issue of material fact regarding his statutory and common law bad faith claims, the Court found the following:

> Notably, in responding to the motion, Plaintiff does not rely on any evidence made available to Defendant at the time of its decision indicating that Defendant had notice that it should have covered certain damages and as a result rendering its conduct unreasonable.  Rather, as stated, the one medical report actually provided to Defendant by the time of its decision did not opine as to the cause of Plaintiff's medical complaints such that Defendant could reasonably conclude that the purported injuries were tied to the accident.

(*Id.* at 6.)

## II. LEGAL STANDARD[1]

District courts have broad discretion to reconsider their interlocutory rulings before entry of judgment.  *See Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1251 (10th Cir.

---

[1] Plaintiff styles the Motion as a Motion to Alter or Amend Judgment brought under Federal Rule of Civil Procedure 59(e).  (ECF No. 69.)  However, no judgment has been entered in this action.  Accordingly, the Court will consider the Motion under the standards guiding reconsideration of interlocutory rulings before entry of judgment.

2011) ("[D]istrict courts generally remain free to reconsider their earlier interlocutory orders."). Thus, a court can alter its interlocutory orders even where the more stringent requirements applicable to a motion to alter or amend a final judgment under Federal Rule of Civil Procedure 59(e) or a motion for relief from judgment brought pursuant to Federal Rule of Civil Procedure 60(b) are not satisfied. See Laird v. Stilwill, 982 F. Supp. 1345, 1353–54 (N.D. Iowa 1997).

"Notwithstanding the district court's broad discretion to alter its interlocutory orders, the motion to reconsider 'is not at the disposal of parties who want to rehash old arguments.'" Nat'l Bus. Brokers, Ltd. v. Jim Williamson Prods., Inc., 115 F. Supp. 2d 1250, 1256 (D. Colo. 2000) (quoting Young v. Murphy, 161 F.R.D. 61, 62 (N.D. Ill. 1995)). "Rather, as a practical matter, to succeed in a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Id. Even under this lower standard, "[a] motion to reconsider should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence." Id.

## II. ANALYSIS

In his Motion, Plaintiff argues that reconsideration of the Prior Order is appropriate because there is "newly discovered evidence" that he presented to the Court in Plaintiff's then-pending Motion for Sanctions and to Continue Final Pretrial Conference and his Supplement to Motion for Sanctions. (ECF No. 69 at 1–2.) Specifically, he argues that: (1) on July 27, 2021, defense counsel produced unredacted claim notes and reports that had previously been redacted, as well as a Liability CCR Report that had never been disclosed, which purportedly "valued settlement of Plaintiff's

3

claim in the range of $175k–$200k" (*id.* at 2–3); and (2) on October 11, 2021, defense counsel produced another Liability CCR report that had never been disclosed, which recommended making a $5,000 Fisher payment under the UIM policy and "show[s] that Defendant had in its possession $35,221.00 of bills for Plaintiff's treatment" (*id.* at 4–5). Accordingly to Plaintiff, "[t]he Court must alter or amend its ruling granting summary judgment in favor of Defendant to prevent manifest injustice" because this "newly discovered evidence . . . creates a genuine dispute as to material facts regarding whether Defendant's conduct was reasonable in adjusting Plaintiff's claim." (*Id.* at 6–7.)

The Court has fully considered all of Plaintiff's arguments and concludes that he has failed to establish grounds that warrant reconsideration of the Prior Order. *See Servants of the Paraclete*, 204 F.3d at 1012. Significantly, defense counsel produced to Plaintiff the "new evidence" at issue in the Motion on July 27 and October 11, 2021, well before the Court issued its ruling on Defendant's Partial Motion for Summary Judgment. (ECF No. 69 at 2–4.) After having received this evidence, Plaintiff could have—and should have—sought leave at that time to add additional arguments to his response to Defendant's Partial Motion for Summary Judgment. He chose not to do so, and he is therefore bound by the Prior Order.[2] *See Servants of the Paraclete*, 204 F.3d at 1012 (recognizing that a motion for reconsideration is not a vehicle to "advance arguments that could have been raised in prior briefing"); *see also Cracraft v. Utah Valley Univ.*, 2021 WL 5500604, at *5 (10th Cir. Nov. 24, 2021) (recognizing that when a motion to amend advances new arguments or relies on facts that were available when the plaintiff

---

[2] There is no question that Plaintiff considered this evidence to be significant even before the Court issued the Prior Order. After all, Plaintiff filed a Motion for Sanctions and a Supplement to Motion for Sanctions regarding defendant's disclosures on August 9 and October 11, 2021, respectively. (ECF Nos. 47, 58, 69 at 1–2.)

4

filed the original complaint, it "is subject to denial"); *Beugler v. Burlington N. & Santa Fe Ry. Co.*, 490 F.3d 1224, 1229 (10th Cir. 2007) ("[T]he bulk of the 'newly discovered evidence' . . . was not in fact 'new' because it was known or discoverable before the court entered summary judgment . . . ."); *Cheavens v. Pub. Serv. Corp. of Colo.*, 2016 WL 8469747, at *3 (D. Colo. Oct. 4, 2016) (recognizing that "if [the evidence] was in the possession of the party before the judgment was rendered[,] it is not newly discovered and does not entitle the party to relief").

Accordingly, because Plaintiff has not shown that there was an intervening change in the law, newly discovered evidence available only after the Prior Order was issued, or the need to correct clear error or prevent manifest injustice, the Court denies the Motion.

### III. CONCLUSION

For the reasons set forth above, the Court ORDERS that Plaintiff's Motion to Alter or Amend Judgment (ECF No. 69) is DENIED.

Dated this 25th day of April, 2022.

BY THE COURT:

_____
William J. Martinez
United States District Judge